IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CARLEEN R. SEELY,<br><br>    Plaintiff,<br><br>vs.<br><br>COUNTRYWIDE BANK, FSB, et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING EX PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER AND SETTING HEARING ON MOTION FOR PRELIMINARY INJUNCTION<br><br><br><br>Case No. 2:09-CV-758 TS |

Plaintiff moves for an ex parte Temporary Restraining Order without notice to enjoin Defendant Countrywide Bank and any other defendant from obtaining possession of the property where Plaintiff and her family reside (the property). Plaintiff also moves for a Preliminary Injunction seeking the same relief.

Plaintiff's Motion alleges as follows: On August 30, 2007, Countrywide made a loan to Plaintiff secured by a deed of trust on Plaintiff's residential real property, located in South Jordan, Utah. When the loan was made, Countrywide failed to comply with the Truth in Lending Act and its implementing regulations, commonly known as Regulation Z.

1

On August 25, 2009, Plaintiff sent Countrywide a notice of rescission. Plaintiff filed the present case on August 27, 2009.

Plaintiff filed the present TRO shortly after Countrywide filed a Motion to Dismiss for the failure to state claims upon which relief can be granted.  Plaintiff seeks a TRO without notice as well as a preliminary injunction to prevent a trust deed sale.  However, although Plaintiff seeks a TRO without notice, Plaintiff's certificate of service states that notice by personal service was provided to Countrywide's registered agent in Utah on September 17, 2009, and by mail to its national offices.[1]

Plaintiff's counsel states that Plaintiff has been informed that a trust deed sale has been noticed, but Plaintiff's Affidavit, filed with her Motion, contains no such assertion. There is no showing in the record of any date for any such sale.  Thus, there is no showing that a trust deed sale is set.

The Court finds that Plaintiff has waived its request for the issuance of a TRO on an ex parte basis.  The same standard applies to the issuance of a TRO as for a preliminary injunction.  In order to receive a TRO or a preliminary injunction, the movant must show: "(1) he or she will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits."[2]

---

[1] Docket No. 17 at 12.

[2] *Nova Health Systems v. Edmondson,* 460 F.3d 1295, 1298 (10th Cir. 2006) (quoting *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005) and quoting

Because there is no showing that a sale is even scheduled, the Court finds that Plaintiff has made no showing she will suffer irreparable injury unless an injunction issues. Therefore, the Court will deny the Motion for a TRO, and the Court will set the matter for a preliminary injunction hearing to be heard in conjunction with a hearing on the Motion to Dismiss.  It is therefore

ORDERED that Plaintiff's Motion for an Ex Parte Temporary Restraining Order (Docket No. 6) is DENIED and the Motion for a Preliminary Injunction (Docket No. 6) will be set for hearing together with the Motion to Dismiss.

DATED   September 21, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

*SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir.1991)).