IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CARLENE R. SEELY,<br><br>     Plaintiff,<br><br>vs.<br><br>COUNTRYWIDE BANK, FSB,<br>COUNTRYWIDE HOME LOANS, INC.,<br>and JOHN DOES 1 THROUGH 5,<br><br>     Defendants. | MEMORANDUM DECISION AND<br>ORDER GRANTING DEFENDANTS'<br>MOTION TO DISMISS<br><br><br><br><br>Case No. 2:09-CV-758 TS |

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Amended Complaint pursuant to FED. R. CIV. P. 12(b)(6). For the reasons set forth below, the Court will grant the Motion. Defendants have requested oral argument in this matter, but the Court finds that oral argument would not materially aid its understanding of the briefs.

I. FACTUAL BACKGROUND

Plaintiff's Amended Complaint alleges the following: On or about August 30, 2007, Defendant Countrywide Bank FSB ("Bank") made a loan to Plaintiff Carlene Seely (Plaintiff) in the amount of $360,000 secured by a Deed of Trust recorded against Plaintiff's residential property in

1

South Jordan, Utah.  At closing, Bank informed Plaintiff of the loan's 8.430 % APR, however, she was never told what the APR meant or what fees were included in the transaction.  After Plaintiff lost a substantial portion of her household income in early 2008, she sought some form of relief to protect her home.  In this pursuit, Plaintiff submitted several requests to modify her existing mortgage, but was not granted any such relief.  On August 25, 2009, Plaintiff served Defendants with a Notice of Rescission.  Plaintiff filed the instant action on August 27, 2009, alleging that she is entitled to rescind the entire loan transaction because Defendant Bank failed to disclose certain fees as required under the Truth in Lending Act ("TILA").  An Amended Complaint was eventually filed.  Defendants, Countrywide Bank, FSB and Countrywide Home Loans, Inc. (collectively Defendants) move to dismiss for the failure to state a claim under Fed.R.Civ.P. 12(b)(6).

## II. STANDARD OF REVIEW

To determine whether it is proper to dismiss a cause of action for failure to state a claim upon which relief can be granted, the court will "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff."[1]  So long as "the complaint contains 'enough facts to state a claim to relief that is plausible on its face,'" it will survive dismissal."[2]  "[A] plaintiff must 'nudge[ ] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss."[3]  However, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint

---

[1] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005)).
[2] *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).
[3] *Id.* (quoting *Twombly* 550 U.S. at 570).

must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[4]

Dismissal under Fed. R. Civ. P. 12(b)(6) "fully disposes of the case, and it must therefore be with prejudice.'"[5] However, "[a]s a general matter, a party should be granted an opportunity to amend his claims prior to a dismissal with prejudice.'"[6]

### III. DISCUSSION

A. RESCISSION

Plaintiff alleges that because Defendants failed to make certain disclosures as required under TILA, she is entitled to rescind the loan transaction. A customer's right to rescind is set out at 15 U.S.C. § 1635(a). The section provides:

> [I]n the case of any consumer credit transaction . . . in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so. The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.

TILA exempts "residential mortgage transactions" from § 1635.[7] A "residential mortgage transaction" is defined as "a mortgage, deed of trust, purchase money security interest arising under

---

[4] *Id.* (emphasis in original).
[5] *Sheldon v. Vermonty*, 269 F.3d 1202, 1207 (10th Cir. 2001).
[6] *I Id.* at 1207 n.5.
[7] 15 U.S.C. § 1635(e)(1).

an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling."[8] Here, based on the factual assertions in Plaintiff's Amended Complaint, the Court finds that the transaction at issue is a residential mortgage transaction because the loan was obtained to finance the acquisition of Plaintiff's dwelling. Therefore, § 1635(a) is not applicable here. A number of courts, including this one, have reached this same conclusion.[9]

Plaintiff further argues that she also has a right to rescind under 15 U.S.C. § 1635(i), which provides a right of rescission, under certain circumstances, in foreclosure actions. However, this provision does not apply because the right of rescission contained in 15 U.S.C. § 1635—which necessarily includes § 1635(i)—does not apply to "residential mortgage transactions."[10] Based on the factual allegations set forth in Plaintiff's Amended Complaint, this is a residential mortgage transaction. Therefore, Plaintiff's first two causes of action under the Truth in Lending Act fail to state a claim.

B. DECLARATORY JUDGMENT

Plaintiff's third cause of action seeks a declaratory judgment that Defendants's lien on Plaintiff's home is void. Such a judgment is predicated upon Plaintiff possessing a valid right to rescind the loan transaction. As set forth above, TILA provides not such right and therefore Plaintiff's third cause of action also fails to state a claim.

---

[8] *Id.* § 1602(w).
[9] *See, e.g.*, *Shelburne v. Academy Mortg. Corp.*, 2009 WL 3459869, *3 (D. Utah Oct. 21, 2009); *Betancourt v. Countrywide Home Loans, Inc.*, 344 F.Supp. 2d 1253, 1261 (D. Colo. 2004).
[10] 15 U.S.C. § 1635(e)(1).

C. STANDING

Finally, Plaintiff's fourth cause of action asserts that Defendants Countrywide Home Loans, Inc. ("Countrywide") lacked standing to foreclose Plaintiff's deed of trust, and therefore the foreclosure proceedings and sale are void. Plaintiff provides no legal basis for this claim, and the Court can find none. Therefore, it too shall be dismissed.

D. DISMISSAL WITH PREJUDICE

Defendants requests the Court dismiss Plaintiff's Amended Complaint with prejudice. The following procedural history is relevant to the request. Defendants responded to the original complaint by filing a Motion to Dismiss, which was set for hearing together with a then-pending Motion for a Preliminary Injunction. Two days before the hearing, Plaintiff filed an Amended Complaint without first obtaining leave. The Court vacated the hearing, allowed the Amended Complaint, denied all the pending motions as moot, and set expedited briefing on the subsequent Motion to Dismiss the Amended Complaint.

Despite having filed an Amended Complaint, Plaintiff has failed to cure the deficiencies in her claims. Accordingly, the Court finds it appropriate to dismiss Plaintiff's Amended Complaint with prejudice.[11]

E. DEFENDANTS'S REQUEST FOR COSTS AND LEAVE OF COURT

The Court has considered Defendants's request for costs and leave to file a motion and affidavit for attorney's fees. Defendants do not state a contractual or statutory basis for requesting

---

[11]*Sheldon v. Vermonty*, 269 F.3d 1202, 1207 and n.5 (10th Cir. 2001) (affirming dismissal with prejudice under Rule 12(b)(6) where order fully disposed of case and none of the plaintiff's previously amendments to pleadings had cured deficiencies in his claims).

attorneys fees and, therefore, the Court will deny the request. An award of costs is a matter of statute and rule.[12]

## IV. CONCLUSION

It is therefore

ORDERED that Defendants's Motion to Dismiss (Docket No. 18) pursuant to FED. R. CIV. P. 12(b)(6) is GRANTED and the Amended Complaint is Dismissed with Prejudice. It is further

ORDERED that the Defendant's Request for attorney fees is DENIED.

DATED   December 7, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[12] *See* DUCivR 54-2.